UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

FRANCIS TREMAYNE,

        Plaintiff,

    v.

CHARLES CROW, ET AL.

        Defendants.

No. CV-04-5056-FVS

ORDER DENYING MOTION FOR SUMMARY JUDGMENT WITH LEAVE TO RENOTE

**THIS MATTER** comes before the Court on the Defendants' Motion for Summary Judgment, Ct. Rec. 26. The Plaintiff is proceeding pro se. The Defendants are represented by Daniel J. Judge.

A district court must provide a pro se litigant who is a prisoner with notice of the requirements of Rule 56 prior to granting summary judgment against the litigant. *Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988). The failure to provide such notice is harmless only in "unusual" cases. *Rand v. Rowland*, 154 F.3d 952, 961 (9th Cir. 1998). A grant of summary judgment will generally be reversed if not preceded by the required notice. *See Wyatt v. Terhune*, 315 F.3d 1108, 1111 (9th Cir. 2003)(reversing an order of summary judgment where a later court order undermined the effectiveness of *Klingele* notice); *Anderson v. Angelone*, 86 F.3d 932, 935 (9th Cir. 1996)(reversing order where district court converted a motion to dismiss into a motion for summary judgment without providing *Klingele* notice); *Lucas v. Dep't of*

ORDER DENYING MOTION FOR SUMMARY JUDGMENT WITH LEAVE TO RENOTE- 1

*Corrections*, 66 F.3d 245, 248-49 (9th Cir. 1995)(same).

While the district court remains ultimately responsible for ensuring that a pro se litigant receives notice of the summary judgment standard, the moving party may also provide the notice. *Rand*, 154 F.3d at 960. However, a *Klingele* notice provided by the moving party, rather than the court, "must be in a separate form that the plaintiff will recognize as given pursuant to the court's requirement. It may not be provided within the summary judgment motion or in the papers ordinarily filed in support of the motion." *Id.*

The Plaintiff in this Section 1983 action is a prisoner at the Washington State Penitentiary in Walla Walla. The record does not indicate that the Plaintiff ever received a *Klingele* notice concerning the standards for summary judgment as required under Ninth Circuit law. Although the Certificate of Service attached to the Defendants' Motion for Summary Judgment indicates that the Defendants sent the Plaintiff a "Summary Judgment Notice- Warning," such a document was never filed with the Court. As a result, the Court is unable to verify the contents of this document. Even if the Court were to assume that the Summary Judgment Notice was meant to be a *Klingele* notice, the Court has no way to determine if it contains the required elements of such a notice. Under these circumstances, the Court will not rule upon the Defendants' motion for summary judgment until appropriate notice has been given and the matter is ready for decision. Accordingly,

**IT IS HEREBY ORDERED:**

ORDER DENYING MOTION FOR SUMMARY JUDGMENT WITH LEAVE TO RENOTE- 2

1. The Defendants' Motion for Summary Judgment, **Ct. Rec. 26**, is **DENIED WITHOUT PREJUDICE TO ITS RENOTICE.**

2. The Defendants are directed to renote their motion for summary judgment within 5 days of the entry of this order.

3. Upon the renoting of the Defendants' motion for summary judgment, the Office of the District Court Executive shall provide the Plaintiff with a copy of the form entitled, "Notice to Pro Se Litigants of the Dismissal and/or Summary Judgment Rule Requirements."

4. The Plaintiff shall file his response to the Defendant's motion for summary judgment within thirty-five (35) days of the entry of this order.

5. The Defendants shall file their reply within fifty 50 days of the entry of this order.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this   26th   day of April, 2007.

                          s/ Fred Van Sickle  
                            Fred Van Sickle  
                     United States District Judge