UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

FRANCIS TREMAYNE,

        Plaintiff,

      v.

CHARLES CROW; STATE OF WASHINGTON
DEPARTMENT OF CORRECTIONS;
WASHINGTON STATE PENITENTIARY;
JOSEPH LEHMAN, in his individual
and official capacity; RICHARD
MORGAN, in his individual and
official capacity; and TANNER
MINK, in his individual and
official capacity,

        Defendants.

No. CV-04-5056-FVS

ORDER GRANTING SUMMARY
JUDGMENT

**THIS MATTER** comes before the Court on the Defendants' Motion For
Summary Judgment, Ct. Rec. 38.  The Plaintiff is proceeding pro se.
The Defendants are represented by Daniel J. Judge.

**BACKGROUND**

This is a Section 1983 action brought by Tremayne Francis,
a prisoner in the custody of Washington's Department of Corrections
("DOC") against the State of Washington, the Washington Department of
Corrections ("DOC"), Washington's Secretary of Corrections, Joseph
Lehman, Washington State Penitentiary ("WSP"), WSP's superintendent,
Richard Morgan, and two WSP correctional officers, Tanner Mink and
Charles Crow.  The Plaintiff alleges that the Defendants deprived him

ORDER GRANTING SUMMARY JUDGMENT- 1

of his right to freely exercise his religious beliefs under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and the First Amendment to the United States Constitution. Specifically, the Plaintiff alleges that Crow and Mink punished him for sharing his beliefs with other inmates, FAC ¶¶ 29-30, while Morgan and Lehman promoted a policy of harassment against Muslims. FAC ¶ 31.

At the times relevant to this case, the Plaintiff was incarcerated at WSP in Walla Walla, Washington. Pl.'s First Am. Compl. ("FAC") ¶ 3. Since his incarceration, the Plaintiff has filed multiple religious preference forms identifying himself as a member of various religions. Declaration of Arrel Dayton, August 21, 2006 ("Dayton Decl.") ¶ 3; Dayton Decl. Att A. WSP policy in effect during 2004 required that any and all religious instruction occur in the prison chapel under the supervision of the chaplain. Pl.'s Mem. In Opp. Of Defs.' Mot. For Summ. J. at 2; Morgan Decl. ¶ 4.

On the afternoon of April 24, 2004, the Plaintiff showed a number of other inmates how to perform various "moves" while in the general population of the WSP Recreation Building. Declaration of Charles Crow, August 18, 2006 ("Crow Decl."), ¶ 2; Att. A. Crow believed that the Plaintiff was performing and teaching martial arts. Crow Decl. ¶ 4. According to the Plaintiff, he was instructing the other inmates about Islamic prayer. FAC ¶ 14. Crow declares that he ordered the Plaintiff to cease performing martial arts, but the Plaintiff failed to do so. Crow Decl. ¶ 4. Crow issued the Plaintiff a minor or general infraction and sent the Plaintiff back to his cell. Crow Decl. ¶¶ 2, 4; FAC ¶ 15.

ORDER GRANTING SUMMARY JUDGMENT- 2

On April 29, 2004, the Plaintiff appeared before correctional Sergeant Tanner Mink for a disciplinary hearing on the infraction. Declaration of Tanner Mink, August 21, 2006 ("Mink Decl."), ¶ 2; Mink Decl. Att. A.  The Plaintiff plead "not guilty" to the infraction. *Id.*  According to the Plaintiff, he explained that he was not performing martial arts at the time of the infraction, but was sharing his religious beliefs.  FAC ¶ 16.  Mink declares that the Plaintiff did not give a statement in response to the infraction.  Mink Decl. ¶ 3.  Mink found the Plaintiff guilty and confined him to his cell for 10 days.  *Id.*

The Plaintiff subsequently appealed the infraction to the Major Hearings Officer.  Crow Decl. Att. A.  The outcome of this appeal is unclear.  The Plaintiff alleges that he never received a response to his appeal.  FAC ¶ 18.  The Defendants disclaim knowledge regarding this allegation and have not introduced any evidence concerning the appeal.  Ans. ¶ 18.

The Defendants initially filed their motion for summary judgment on August 21, 2006.  The Plaintiff timely filed a responsive memorandum and statement of material facts.  After the conclusion of the briefing, it came to the Court's attention that the Plaintiff had not received notice of the requirements of Rule 56 as required by *Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988).

In order to correct this oversight, the Court issued an order on April 24, 2007 dismissing the Defendants' motion for summary judgment without prejudice to its renotice.  The order also provided for the renoting of the motion and proper service of the *Klingele* notice.  The

ORDER GRANTING SUMMARY JUDGMENT- 3

Court further ordered, "The Plaintiff shall file his response to the Defendant's motion for summary judgment within thirty-five (35) days of the entry of this order."

The Defendants refiled their motion for summary judgment on May 3, 2007.  This motion is identical to the Defendants' original motion. The Office of the District Court Executive properly mailed *Klingele* notice to the Plaintiff on May 4.  The Plaintiff has not refiled his responsive briefing.

**DISCUSSION**

**I.    SUBJECT MATTER JURISDICTION**

The Plaintiff alleges a federal cause of action arising under 42 U.S.C. § 1983.  The Court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331.

**II.   SUMMARY JUDGMENT STANDARD**

A moving party is entitled to summary judgment when there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265, 273-74 (1986).  "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth."  *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

Initially, the party moving for summary judgment bears the burden of showing that there are no issues of material fact for trial. *Celotex*, 477 U.S. at 317.  Where the moving party does not bear the burden of proof at trial, it may satisfy this burden by pointing out

ORDER GRANTING SUMMARY JUDGMENT- 4

that there is insufficient evidence to support the claims of the nonmoving party. *Id.* at 325.

If the moving party satisfies its burden, the burden then shifts to the nonmoving party to show that there is an issue of material fact for trial. Fed. R. Civ. P. 56(e), *Celotex*, 477 U.S. at 324. There is no issue for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

## III. **EVIDENCE BEFORE THE COURT**

Ordinarily, a party's failure to oppose a motion constitutes waiver. However, as a pro se litigant, the Plaintiff is entitled to liberal construction of his arguments. *United States v. Rodriguez-Lara,* 421 F.3d 932, 938 n.2 (9th Cir. 2005). The Plaintiff properly filed an opposing memorandum and statement of material facts in response to the Defendants' original motion for summary judgment. Although the Court's April 24 order directed the Plaintiff to refile his responsive briefing, the Court is mindful that the procedural posture created by the necessity of providing *Klingele* notice could be confusing to a layperson. In the interest of justice, the Court has accordingly considered the Plaintiff's brief and statement of material facts.

The unusual circumstances of this case also lead the Court to consider the exhibits attached to the Plaintiff's pleadings. Of course, the Court is not required to sift through the entire record in search of evidence that creates a genuine issue of material fact. *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1030 (9th Cir.

ORDER GRANTING SUMMARY JUDGMENT- 5

2001).  The party opposing summary judgment bears the burden of directing the court's attention to any genuine issue of material fact that exists.  *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003).  However, the present action is unusual by virtue of the Plaintiff's pro se status and the brevity of the record.  Having consulted the pleadings in order to better understand the Plaintiff's claim, the Court finds it no great burden to consider the attached exhibits in ruling on the Defendants' motion.

**IV.  EXHAUSTION OF ADMINISTRATIVE REMEDIES**

The Defendants argue that the Plaintiff's case should be dismissed because he has never filed a grievance concerning either WSP's religious teaching policy or the April 29, 2004 infraction. Under the Civil Rights of Institutionalized Persons Act ("CRIPA"), a prisoner may not bring a Section 1983 suit challenging prison conditions until he or she has exhausted "all available administrative remedies."  42 U.S.C. § 1997(e); *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 988, 152 L. Ed. 2d 12, 21 (2002).  When a prisoner has failed to exhaust his administrative remedies prior to filing suit, the appropriate remedy is to dismiss the suit without prejudice to enable the plaintiff to exhaust administrative remedies.  *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002)(per curiam)(citing *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 534-535 (7th Cir. 1999)).  Failure to exhaust administrative remedies is an affirmative defense for which the Defendant bears the burden of proof.  *Jones v. Bock*, 127 S. Ct. 910, 921, 166 L. Ed. 2d 798, 813 (2007); *Brown v. Valoff*, 422 F.3d 926, 936-937 (9th Cir. 2005).

ORDER GRANTING SUMMARY JUDGMENT- 6

A prisoner's appeal of a disciplinary conviction may constitute exhaustion of administrative remedies when 1) it was reasonable for the prisoner to raise the issue underlying his or her Section 1983 claim through the disciplinary appeals process, and 2) the disciplinary appeal provided enough information about the conduct at issue to "to allow prison officials to take appropriate responsive measures." *Johnson v. Testman*, 380 F.3d 691, 696-697 (2d Cir. 2004). *See also Giano v. Goord*, 380 F.3d 670, 673-74 (2d Cir. 2004)(failure to exhaust administrative remedies is not grounds for dismissal where the plaintiff raised his allegations as a defense to a disciplinary action).

Following *Johnson*, the Court finds that the Plaintiff's alleged defense to and appeal of the April 29 infraction constituted exhaustion of his administrative remedies.  It was reasonable for the Plaintiff to raise his concerns in the context of the infraction disciplinary proceedings.  The Plaintiff could have understood, from DOC's list of Grievable and Nongrievable Items (Compl. Ex. 7), that the prison's grievance policy prohibited him from filing a grievance concerning the April 29, 2004 infraction.  Given the extent to which the Plaintiff's claim depends upon and is intertwined with the infraction, the Plaintiff could easily have interpreted DOC's list of grievable items to mean that a grievance concerning WSP's religious teaching policy was not, in fact, "available."

In addition, when the evidence before the Court is interpreted in the light most favorable to the Plaintiff, it appears that the Plaintiff's actions during the disciplinary proceedings put the

ORDER GRANTING SUMMARY JUDGMENT- 7

Defendants on notice of his concerns.  While Mink declares that the Plaintiff did not give a statement in response to the infraction, Mink Decl. ¶ 2, the Plaintiff alleges that he testified at the hearing and explained that he was sharing his religious beliefs with the other inmates.  FAC ¶ 16.  Moreover, the Plaintiff's infraction appeal contends that the infraction "violates my right to practice my religion."  FAC Att. 1.  Given that the Defendants bear the burden of proving that the Plaintiff failed to exhaust his administrative remedies, CRIPA's exhaustion requirement does not justify dismissal of the Plaintiff's case.

**V.    ABSOLUTE IMMUNITY TO SUIT UNDER SECTION 1983**

The Defendants argue that sovereign immunity bars the Plaintiff's claim against the State, the DOC, and the individual Defendants in their official capacities.  Section 1983 provides that any person who deprives an American citizen of his or her civil rights under color of law may be held liable for the deprivation and resulting injuries to the injured person.  42 U.S.C. § 1983.  Neither a state agency nor a state official acting in his or her official capacity is a "person" subject to a suit for damages under Section 1983.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 109 S. Ct. 2304, 2308, 105 L. Ed. 2d 45, 52 (1989); *Lapides v. Bd. of Regents*, 535 U.S. 613, 617, 122 S. Ct. 1640, 1642, 152 L. Ed. 806, 811 (2002); *Bank of Lake Tahoe v. Bank of America*, 318 F.3d 914, 918 (9th Cir. 2003).  A state official may be sued in his or her official capacity for prospective relief.  *Will*, 491 U.S. at 71; 109 S. Ct. at 212, 105 L. Ed. 2d at 58. Prisons, as part of a state's correctional agency, also enjoy

ORDER GRANTING SUMMARY JUDGMENT- 8

sovereign immunity. *Bryant v. N.Y. State Dep't of Corr. Servs. Albany*, 146 F. Supp. 2d 422, 426 (S.D.N.Y. 2001).

The State, DOC, and WSP are not persons for the purposes of Section 1983 and will be dismissed from this action.  While the Plaintiff may continue to seek injunctive relief from the individual Defendants in their official capacities, his claim for monetary damages against the individual Defendants must be dismissed.

**V.   RLUIPA**

The Religious Land Use and Institutionalized Persons Act ("RLUIPA") provides that no state may impose a "substantial burden" on an inmate's exercise of religion unless the action or policy in question provides the least restrictive means of serving a compelling governmental interest.  42 U.S.C. ¶ 2000cc-1(a).  In order to state a claim under RLUIPA, the Plaintiff bears the burden of coming forward with evidence that the infraction and/or DOC's religious teaching policy constituted a substantial burden on his exercise of religion. *Warsoldier v. Woodford*, 418 F.3d 989, 994-995 (9th Cir. 2005).

A restriction constitutes a substantial burden if it is a "'significantly great' restriction or onus on 'any exercise of religion, whether or not compelled by, or central to, a system of religious belief' of a person, including a religious assembly or institution." *San Jose Christian College v. City of Morgan Hill*, 360 F.3d 1024, 1034-35 (9th Cir. 2004).  A substantial burden is one that prevents the plaintiff "'from engaging in [religious] conduct or having a religious experience.'"  *Navajo Nation v. United States Forest Serv.*, 479 F.3d 1024, 1033 (9th Cir. 2006)(quoting *Bryant v.*

ORDER GRANTING SUMMARY JUDGMENT- 9

*Gomez*, 46 F.3d 948, 949 (9th Cir. 1995)).  A substantial burden is thus more than an inconvenience.  *Id.*

The Plaintiff has not met his burden of showing that the challenged action and policy substantially burdened his exercise of religion.  The religious activity at issue is the teaching and sharing of Islam.  As the Defendants have argued, neither the infraction nor DOC's policy prevented the Plaintiff from sharing his beliefs; they only limited the time and place of this activity.  There is nothing in the record to indicate that the time or place of the teaching is important for the purposes of the Plaintiff's religion.  Thus, the Plaintiff's Section 1983 claim fails to the extent that it relies upon an alleged violation of RLUIPA.

**VI.  ESTABLISHMENT CLAUSE**

A prisoner is deprived of the right to the free exercise of his or her religion under the Establishment Clause when he or she is prevented from "engaging in conduct mandated by his faith without any justification reasonably related to legitimate penological goals." *Sanders v. Ryan*, 484 F. Supp. 2d 1028, 1036 (D. Ariz. 2007); *Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir. 1997).  In applying this standard, the Court should consider several factors:

　　　　1) Whether the regulation has a logical connection with a legitimate government interest;

　　　　2) Whether alternative means of exercising the right at issue were available; and

　　　　3) The impact accommodating the right would have on prison resources.
*Id.*

The Plaintiff has not shown that the challenged action and policy

ORDER GRANTING SUMMARY JUDGMENT- 10

prevented him from engaging in conduct mandated by his faith.  As explained above, the Plaintiff may share his faith with others; he must simply do so in accordance with WSP's policy.  The Plaintiff's Section 1983 claim thus fails to the extent that it relies upon an alleged violation of the Establishment Clause.

**CONCLUSION**

The Plaintiff's Section 1983 claim is premised on a violation of either RLUIPA or the Establishment Clause.  The Plaintiff has failed to show that he has been deprived of rights under either.  The Defendants' motion for summary judgment will be granted and the Plaintiff's case dismissed.  Accordingly,

**IT IS HEREBY ORDERED:**

1. The Defendants' Motion for Summary Judgment, **Ct. Rec. 38**, is **GRANTED.**

2. The Plaintiff's Motion to Continue With Plaintiff's Case Via Litigation, **Ct. Rec. 31**, is **DENIED.**

3. The District Court Executive shall enter judgment in favor of the Defendants.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order, furnish copies to counsel **and the Plaintiff**, and **CLOSE THE FILE.**

**DATED** this  6th  day of August, 2007.

                    s/ Fred Van Sickle
                    Fred Van Sickle
                    United States District Judge

ORDER GRANTING SUMMARY JUDGMENT- 11